IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-222-FL

| | |
|---|---|
| RICHARD LEWIS KROBOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON APPLICATION** |
| ) | **FOR COSTS** |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the clerk on the application for costs [DE-62] filed by defendant Eli Lilly and Company. Plaintiff has failed to respond in opposition to the application. For the reasons set forth below, the application is GRANTED in part.

## BACKGROUND

On March 29, 2023, the court granted defendant's motion for summary judgment and entered judgment in favor of defendant. Defendant timely filed an application for costs [DE-62] on April 12, 2023.

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678,

at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendant seeks recovery of $1,891.30 in costs from plaintiff for fees for the transcripts obtained for use in the case, pursuant to 28 U.S.C. §.1920(2).

The clerk has reviewed the application and supporting documentation, and finds that as the prevailing party, defendant is entitled to an award of costs. Defendant's request for fees for transcripts, however, includes fees for exhibit copies, in the total amount of $227.50. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, the clerk may not award the exhibit fees in the amount of $227.50. Defendant's application for costs is granted in part with defendant's fees in the amount of $1,663.80 taxed against plaintiff pursuant to 28 U.S.C. § 1920(2).

## CONCLUSION

In summary, defendant's application for costs [DE-62] is GRANTED in part. Costs in the amount of $1,663.80 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 28 day of April, 2023.

Peter A. Moore, Jr.
Clerk of Court

2

Case 5:19-cv-00222-FL   Document 63   Filed 04/28/23   Page 2 of 2